**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| THOMAS E. COOK and | § | |
| JOHN WILLIAMS LYONS, JR., | § | |
| | § | |
| Appellant, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-05-3438 |
| | § | |
| ROBBYE WALDRON, | § | |
| CHAPTER 7 TRUSTEE, | § | |
| | § | |
| Appellee. | § | |
| | § | |
| Bankruptcy No. 04-81197-G3-7 | § | |

**MEMORANDUM AND OPINION**

This is an appeal from the Bankruptcy Court's approval of a settlement between the

Chapter 7 trustee and James L. Carver, one of the parties in an adversary proceeding against

the debtor, Marine Professional Services, Inc. (MPSI).  Carver was a minor shareholder and

had been chief executive officer of MPSI.  Two other parties to the adversary proceeding,

Thomas E. Cook and John Williams Lyons, Jr., objected to the settlement.  Cook and Lyons

were shareholders and directors of MPSI.  Before the bankruptcy filing, MPSI, Carver, Cook,

and Lyons had been in litigation in Texas state court.  In that litigation, Carver alleged that

Cook and Lyons breached fiduciary duties and committed corporate oppression as officers

and directors of MPSI.  Cook and Lyons sought indemnity and contribution from MPSI.  In

turn, MSPI alleged that Carver had committed commercial bribery, fraud, misappropriated

funds, and breached his fiduciary duty.  That state-court case was removed after MPSI filed

for bankruptcy protection.

In the adversary proceeding, the trustee and Carver reached a settlement agreement, to which Cook and Lyons objected. The bankruptcy judge held an evidentiary hearing and granted the trustee's motion to approve the settlement based on findings of fact and conclusions of law set out in a memorandum opinion. In this appeal, Cook and Lyons assert that the settlement does not meet the "fair and equitable" standard.

Based on a careful review of the record, the briefs, and the applicable law, this court finds no basis to reject the bankruptcy court's approval of the settlement and dismisses this appeal. The reasons are explained below.

## I.    Background

When MPSI filed for bankruptcy, the suit Carver had filed in the state court against Cook and Lyons was removed and docketed as Adversary Proceeding No. 04-8026. The bankruptcy court denied Carver's motion for summary judgment, finding that Carver had no cause of action for corporate oppression "separate and independent from that owned by the bankruptcy estate." The trustee then filed a separate adversary proceeding–docketed as 04-8043–asking for a determination that the estate, not Carver, owned the causes of action Carver asserted against Cook and Lyons in Adversary Proceeding No. 04-8026. The trustee and Carver then reached an agreement to settle the disputes between them. Cook and Lyons objected to the following provisions of that agreement:

- The parties jointly stipulated that the bankruptcy estate owned all the claims set forth in Adversary No. 04-8026; Carver agreed not to file other similar

2

claims in any other forum.

- The trustee agreed to hire certain counsel and to limit the role of other counsel and to pursue against Cook and Lyons the claims that Carver had asserted in Adversary Proceeding No. 04-8026.

- The trustee agreed to dismiss the claims against Carver in Adversary Proceeding No. 04-8026 and to dismiss Adversary Proceeding No. 04-8043, and Carver agreed to cooperate with the trustee and his special counsel in Adversary Proceeding No. 04-8026.

- The trustee agreed that Carver would receive an unsecured claim against the estate in the amount of $600,000, subordinated to the payment of all other unsecured claims in full.

- The trustee agreed that each of the parties to the settlement would pay its own fees.

After a hearing at which Carver, the trustee, Cook, and Lyons testified, the bankruptcy court noted the following:

- Carver testified that the value of the claims he asserted in the removed suit was between $375,000 to over $1 million.

- The trustee testified that he sought approval of the settlement because:

    1)    the litigation against Cook and Lyons was the best opportunity for the estate to obtain funds to distribute to creditors;

3

2)      absent settlement, if the bankruptcy court found that the estate owned Carver's claims, Carver would appeal, lessening the value of those claims;

3)      the only assets of the bankruptcy estate, beyond the claims asserted in Adversary Proceeding No. 04-8026, consisted of $17,000 in cash and accounts receivable that were of uncertain collectibility;

4)      the value of the claims Cook and Lyons asserted against Carver could entitle the estate to a recovery of $228,000 against Carver, but lawyers would have to be paid on an hourly basis and Carver was likely to be judgment-proof; and

5)      the total amount of unsecured claims against the bankruptcy estate was approximately $628,000; Carver would be unlikely to receive a distribution on the subordinated claim he would have against the estate.

The bankruptcy court concluded that "[a]pproval of the compromise will allow the Trustee to focus on the asset he believes will generate a recovery for creditors, and to pursue the litigation against Cook and Lyons expeditiously . . . . The subordination of Carver's claim likely will result in little, if any, distribution to Carver, and likely will result in distribution to non-insider creditors of any funds recovered from Cook and Lyons.  The release to be granted to Carver is reasonable, in light of the low likelihood of collection as to any judgment against Carver."  Noting that the creditors approved the proposed compromise, the bankruptcy judge granted the motion and entered judgment.  This appeal followed.

## II.    Analysis

A bankruptcy court may approve a compromise settlement of a debtor's claim under Bankruptcy Rule 9019(a), which provides: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." Bankr. R. 9019(a), 11 U.S.C. (Supp. 1995). The cases establish two distinct requirements that must be satisfied before a bankruptcy court approves a settlement: it must be fair in the sense that it is reasonable in relation to the merits of the litigation, and it must be "fair and equitable," in the sense that it satisfied the priority rule. *U.S. v. AWECO (In re AWECO)*, 725 F.2d 293, 298 (5th Cir. 1984); *Matter of Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980).

To determine whether a settlement agreement is fair and reasonable in relation to the merits of the litigation, a court must compare the "terms of the compromise with the likely rewards of litigation." *Jackson Brewing*, 624 F.2d at 607 (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414, 425 (1968)). The bankruptcy court must consider:

(1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law;

(2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay;

(3) the difficulties of collecting a judgment resulting from such litigation; and

(4) all other factors bearing on the wisdom of the compromise.

*Matter of Cajun Elec. Power Co-Op., Inc.*, 119 F.3d 349, 356 (5th Cir. 1997).  The court must consider the creditors' interests, because "in the bankruptcy context, the interests of the creditors not the debtors are paramount."  *Matter of Tex. Extrusion Corp.*, 844 F.2d 1142, 1159 (5th Cir. 1988).  In addition, the court should consider "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Cajun Elec. Power Co-Op.*, 119 F.3d at 356.

Cook and Lyons challenge the bankruptcy court's finding and conclusion on several grounds.  First, as to the stipulation that the bankruptcy estate owns the claims Carver asserted in the Adversary Proceeding, Cook and Lyons essentially argue that the stipulation is worthless because "there can be no doubt that those claims are 'derivative' claims that properly belong to MPSI."  (Docket Entry No. 11 at 10).  The bankruptcy court considered and rejected this assertion, relying on the trustee's evaluation that this stipulation would avoid continued litigation over ownership of the claims against Cook and Lyons, including an appeal, and would allow those claims to be pursued expeditiously on the merits.  The fact that the bankruptcy court had previously denied Carver's motion for summary judgment on an ownership question does not require this court to reject the bankruptcy court's conclusion. The summary judgment had been limited to Carver's corporate oppression claim.  The record supports the conclusion that ending the litigation over claim ownership would allow more expeditious pursuit of the claims on the merits.

Cook and Lyons also challenge the fairness and equitableness of the dismissal of the claims against Carver and the provision allowing Carver to receive an unsecured

6

subordinated claim against the estate.  It appears that Cook and Lyons challenge the dismissal as unfair to the estate and creditors.  The bankruptcy court took into account evidence that it would be costly to pursuing MPSI's claims against Carver and the likelihood that Carver would be insolvent and unable to satisfy any judgment that might result.  Cook and Lyons assert that the trustee did not look hard enough for counsel to pursue these claims on a contingent fee basis and did not look hard enough to determine whether Carver had any assets, but the record provides adequate basis for the trustee's assessments and for the bankruptcy court's conclusions.  Cook and Lyons do not take into account or dispute that the settlement also required Carver to cooperate with the trustee in pursuing the claims against Cook and Lyons, increasing the value of those claims, or that Cook and Lyons were solvent.

Cook and Lyons primarily challenge the $600,000 unsecured subordinated claim to Carver as unfair to the MPSI creditors.  The bankruptcy judge approved that provision only because it was subordinated and unlikely to result in any distribution to Carver.  Cook and Lyons do not quarrel with this finding except to state that "there remains a possibility that those claims would be paid some amount, ahead of equity interests."  (Docket Entry No. 11 at 18).  The "possibility" does not provide a basis to reject the bankruptcy court's finding and conclusion that the likely distribution would be to non-insider creditors, from funds recovered from Cook and Lyons.

The record reveals that the bankruptcy court considered the factors bearing on the permissibility of the compromise.  The Chapter 7 trustee is required to reach an informed judgment, after diligent investigation, as to whether it would be prudent to eliminate the

7

inherent risks, delays, and expense of prolonged litigation in an uncertain cause. *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 212 F.3d 632 (1st Cir. 2000). In fact, it should be remembered that a Chapter 7 trustee is entrusted to marshal an estate's assets and liabilities and attempt to obtain the maximum return for the creditors. When that includes settling litigation, a court is neither to "rubber stamp" the trustee's proposals nor to substitute its judgment for the trustee's, but rather to "canvass the issues" and determine whether the settlement falls "below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983). The court must be informed of all the relevant facts and information in order to make an independent judgment as to whether the settlement is fair and reasonable under the circumstances. *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988).

As the Supreme Court stated in *Protective Committee for Indep. Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414 (1968):

> There can be no informed and independent judgment as to whether a proposed compromise is fair and equitable until the bankruptcy judge has apprised himself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Id.* at 424.

The record reveals that the bankruptcy judge considered the appropriate factors,

obtained the necessary information, and applied the proper standards.  There is no basis to reject the bankruptcy court's decision to approve the settlement.

**III.    Conclusion**

The appeal is dismissed.

SIGNED on April 18, 2006, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge